# EXHIBIT A

**LAWRENCE C. HERSH** (No. 003142002)
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

|  |  |  |
|---|---|---|
| RAFAEL GARCIA, on behalf of himself and all others similarly situated, | : | Superior Court of New Jersey |
|  | : | Law Division |
|  | : | Middlesex County |
| Plaintiff, | : |  |
|  | : | Docket No. |
| v. | : |  |
|  | : | **CIVIL ACTION** |
| I.C. SYSTEM, INC. and JOHN DOES 1-50 and ABC CORP. 1-50, | : |  |
|  | : | **CLASS ACTION COMPLAINT** |
|  | : | **AND JURY TRIAL DEMAND** |
| Defendants. | : |  |

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for statutory and actual damages arising from

Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive and unfair practices.

## DEFINITIONS

2.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

3.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

4.      Plaintiff is a natural person and resident of the State of New Jersey, County of Passaic and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Based upon information and belief, Defendant I.C. SYSTEM, INC. ("I.C. System") is a Minnesota corporation with its principle place of business located at 99 Hwy 96 E, Vadnais Heights, MN 55127.

6.      Defendant regularly collects debts and does business in Middlesex County.

7.      Defendant is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts on behalf of another. Defendant operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

8.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9.      Defendants JOHN DOES 1-50 and ABC CORP. 1-50 are fictitious defendants. JOHN DOES 1-50 are fictitious individuals. ABC CORP. 1-50 are business entities including, but not limited to a corporation, limited liability company and/or

2

partnership, which are in the business of buying and/or collecting on defaulted consumer debt. In the event any named defendant is not the real name of the defendant, or he or it is known by any other name, plaintiff reserves the right to amend this complaint to properly name the defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. §1692 *et seq.* pursuant to 15 U.S.C. §1692k(d).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action pursuant to Rule 4:32. The Classes consist of:

> • All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A regarding a T Mobile USA, Inc. account and which included the alleged conduct and practices described herein.

> • All New Jersey consumers where Defendant sent information concerning the consumer's T Mobile USA, Inc.'s Account to a third-party letter vendor without obtaining the prior consent of the consumer.

> • The Class period begins August 7, 2020 to the date of the filing of this Complaint.

13. Upon information and belief, each Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

3

have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or voicemail message, except that the undersigned attorney has partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f and/or 1692g, and subsections therein;

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

5

## **STATEMENT OF FACTS**

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Prior to August 7, 2020, Plaintiff allegedly incurred a financial obligation to T Mobile USA, Inc. ("T MOBILE") related to a consumer debt for cell phone service ("the Debt").

16.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The alleged T MOBILE Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     T MOBILE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     At some time prior to August 7, 2020, the T MOBILE Debt obligation became past due with a balance of $249.91.

20.     At some point prior to August 7, 2020, the Debt was referred for collection by T MOBILE to Defendant.

21.     At the time the T MOBILE Debt was placed with Defendant, the balance was past due.

22.     On or about August 7, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $249.91.  See, attached Exhibit A.

23.     The Collection Letter was sent in connection with the collection of the T MOBILE obligation.

24.     The August 7, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25.     The August 7, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

26.     The Collection Letter contained the following language ("Credit Reporting Language"):

> The account information has been forwarded to the national credit reporting agencies.

27.     The Credit Reporting Language statement that the account information has been forwarded to the national credit reporting agencies implies that Plaintiff's account information has been be reported to **all** the national credit reporting agencies, including Experian, Transunion, Equifax and other national credit reporting agencies.

28.     However, despite this language contained in the Credit Reporting Language, no such account information was sent to all of the national credit reporting agencies.

29.     Additionally, the Credit Reporting Language fails to indicate whether the reporting was report by or on behalf of Defendant or the original creditor.

30.     As such, the Credit Reporting Language is false, deceptive and/or misleading in that it threatens credit reporting when in fact no such credit reporting ever took place.

31.     The Collection Letter was the first written communication by Defendant to Plaintiff with respect to the Debt.

32.     As the initial written communication, the Collection Letter was required to

7

contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

33.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

34.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

35.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

36.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

37.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38.     In order to be entitled to obtain the name and address of the original

creditor, if different from the current creditor, the consumer must request such in writing.

39.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

40.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

41.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

42.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

43.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

44.     The front side of each collection letter included the following statement ("The Statement"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with

the name and address of the original creditor, if different from the current creditor.

45.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

46.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

47.     The Collection Letter includes three separate addresses for Defendant.

48.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the three addresses the debt dispute letter should be sent.

49.     The body of the letter provides a first address for Defendant ("the First Address") of:

> 444 Highway 96 East
> PO Box 64378
> St. Paul MN 55164-0378

50.     The bottom left of the front page of the Collection Letter contains a second address for Defendant ("the Second Address"):

> PO Box 64437
> Saint Paul, MN 55164-0437

51.     The bottom left of the front page of the Collection Letter contains a third address for Defendant ("the Third Address"):

> PO Box 64378
> Saint Paul, MN 55164-0378

52.     The least sophisticated consumer would not know which of the three addresses to use to dispute the Debt.

53.     The least sophisticated consumer may decide not to dispute the Debt since

he or she would not know which of the three addresses to use to dispute the Debt.

54.     Alternatively, the least sophisticated consumer may believe that he or she would have to send three dispute letters, one to each address, in order to dispute the Debt, and thus decide that doing so would be too expensive or too difficult to do.

55.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

56.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

57.     Additionally, when Defendant decided to contact Plaintiff via written correspondence, it did not prepare and mail the Collection Letter on its own.

58.     Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

59.     In its communications with the Letter Vendor, Defendant disclosed the following information to the Letter Vendor:

a. Plaintiff's status as a debtor;

b. The fact that Plaintiff allegedly owed $249.91 to T MOBILE.; and,

c. Other highly personal and confidential information about Plaintiff and his account.

60.     The Letter vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

61.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through

11

any medium."

62.     The sending of an electronic file containing information about Plaintiff's purported debt to the Letter Vendor is therefore a communication.

63.     Defendant's communication to the Letter Vendor was in connection with the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

64.     Plaintiff never consented to having his or her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

65.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person</u> other than <u>the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.</u>

(emphasis added).

66.     The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

67.     Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his or name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

12

68.     Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

69.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

70.     As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which he or she had a substantive right to be free of having his her privacy invaded and by having her private and protected information shared and disseminated with unauthorized parties.

71.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

72.     After Plaintiff received the Collection Letter, but within the 30 day period, Plaintiff sent written correspondence to Defendant, disputing the debt and seeking verification of the Debt.

73.     In response to the debt validation and dispute request, Plaintiff received an Account Validation Letter from Defendant dated September 23, 2020.  A copy of the September 23, 2020 letter is attached as Exhibit B.

74.     The September 23, 2020 letter indicated, "Further collection efforts will commence unless your debt is resolved."

75.     Despite the fact that after receiving the September 23, 2020 collection letter, Plaintiff never resolved the debt, Defendant never engaged in any further collection

efforts.

76.     Additionally, Defendant failed to mark the account as "disputed" on all of his or her credit reports from the national credit reporting agencies.

77.     Defendant's failure to communicate to the credit bureaus that the debt is disputed is a violation of section 1692e(8) of the FDCPA.

78.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

79.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

80.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

81.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

82.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

83.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

84.     It is Defendant's pattern and practice to send collection letters in the form

14

described above, and which violate the FDCPA.

85.    On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

86.    Plaintiff repeats the allegations contained in paragraphs 1 through 85 as if the same were set forth at length.

87.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

88.    Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

   A. 15 U.S.C. §1692c, by conveying Plaintiff's information to a third–party;

   B. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

   C. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

   D. 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken;

   E. 15 U.S.C. 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

F.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

G.  15 U.S.C. §1692f, by using unfair means in connection the collection of a debt, including by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

H.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

I.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel under R 4:32;

(b) Awarding Plaintiff and the Class actual and statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        August 8, 2021

                                  Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ 07070
    (201) 507-6300
    *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Dated: August 8, 2021        By: /s/ Lawrence C. Hersh
                        Lawrence C. Hersh

## DESIGNATION OF TRIAL COUNSEL

Lawrence C. Hersh, Esq. is designated as trial counsel in this matter.

        By:   /s/ Lawrence C. Hersh
                  Lawrence C. Hersh
Dated: August 8, 2021

## CERTIFICATION PURUSANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any

other action pending in any other court or of a pending arbitration proceeding, and that no

other action or arbitration proceeding is contemplated.

        By:   /s/ Lawrence C. Hersh
                  Lawrence C. Hersh
Dated: August 8, 2021

17

EXHIBIT A

 **System**

## ACCOUNT SUMMARY

| | |
|---|---|
| Creditor: | T-Mobile USA Inc |
| Account No.: | ████736 |
| I.C. System Reference No.: | ████-09 |

| **BALANCE DUE:** | **$249.91** |
|---|---|

| | |
|---|---|
| Principal Due: | $199.93 |
| Collection Charge Due: | $49.98 |

# COLLECTION NOTICE

8/7/2020

Rafael Garcia:

This letter is being sent to advise you about an important notice regarding your T-Mobile USA Inc account. T-Mobile USA Inc is both the original and current creditor to whom this debt is owed. Please see below.

The account information has been forwarded to the national credit reporting agencies. You have the right to inspect those credit files in accordance with federal law.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc. |444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

**$ YOU HAVE OPTIONS**

- ⊙ For questions or payment please go to: https://www.icsystem.com/consumer
- ⊙ Mail check or money order payable to: I.C. System, Inc. with coupon below
- ⊙ Call Toll-Free at 866-870-0436

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

☐ Address Changed?
STREET _____
CITY _____ STATE _____ ZIP _____
Billing Phone Number _____


RAFAEL GARCIA

| **BALANCE DUE:** | **$249.91** |
|---|---|

I.C. System Reference No.: ████-09

- ⊙ Pay Online at
  https://www.icsystem.com/consumer
- ⊙ MAKE CHECK OR MONEY ORDER PAYABLE TO:

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL MN 55164-0378

EXHIBIT B


System

## ACCOUNT SUMMARY

| | |
|---|---|
| Creditor: | T Mobile USA Inc |
| Account No.: | 736 |
| I.C. System Reference No.: | 1-09 |

**BALANCE DUE:** $249.91

| | |
|---|---|
| Principal Due: | $199.93 |
| Collection Charge Due: | $49.98 |

# ACCOUNT VALIDATION

9/23/2020

Rafael Garcia:

T Mobile USA Inc has provided the attached information, verifying your responsibility for payment of the debt referenced in the Account Summary. If you still question that obligation, contact our office, otherwise your remittance of $249.91 is required. T Mobile USA Inc is both the original and current creditor to whom this debt is owed.

Further collection efforts will commence unless your debt is resolved. We anticipate your full cooperation to pay the $249.91 owed to T Mobile USA Inc in an expeditious manner.

Make your check or money order payable to I.C. System, Inc. and write your account number on the payment.

Send the payment along with the bottom portion of this letter.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc. 444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

5 YOU HAVE OPTIONS

- For questions or payment please go to: https://www.icsystem.com/consumer
- Mail check or money order payable to I.C. System, Inc. with coupon below
- Call Toll-Free at 866-870-0436

---

P.O. Box 64437
St. Paul, MN 55164-0437

**BALANCE DUE:** $249.91

I.C. System Reference No.: 1-09

☐ Address Changed?
STREET _____
CITY _____ STATE _____ ZIP _____
Billing Phone Number _____

- Pay Online at https://www.icsystem.com/consumer
- MAKE CHECK OR MONEY ORDER PAYABLE TO

IC SYSTEM, INC.
PO BOX 64378
SAINT PAUL MN 55164-0378